J-S14004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| L.A.H. | : | |
| | : | |
| Appellant | : | No. 2004 EDA 2018 |

Appeal from the PCRA Order Entered May 8, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005036-2012

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 29, 2019**

L.A.H. appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On September 27, 2013, L.A.H. was convicted, following a non-jury trial, of third-degree murder, conspiracy to commit aggravated assault, and endangering the welfare of a child.  The charges stemmed from the death of L.A.H.'s six-year-old son, K.W., after years of abuse and neglect at the hands of L.A.H. and the child's mother.[1]  On November 26, 2013, the trial court sentenced L.A.H. to an aggregate sentence of thirty to sixty years'

_____

[1] K.W.'s mother was also charged and convicted of crimes related to the abuse and murder of the child.

_____

*   Retired Senior Judge assigned to the Superior Court.

imprisonment. This Court affirmed L.A.H.'s judgment of sentence on July 18, 2017;[2] he did not seek allowance of appeal from the Pennsylvania Supreme Court.

L.A.H. filed a *pro se* PCRA petition on October 30, 2017. The court appointed counsel, who reviewed the record and, finding L.A.H.'s claims to be meritless, filed a **Turner/Finley**[3] "no-merit" letter and petition to withdraw as counsel. After its independent review, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on May 7, 2018. L.A.H. filed a response to the court's Rule 907 notice on May 22, 2018. The court formally dismissed his petition on June 7, 2018. L.A.H. filed a timely notice of appeal and raises the following claims for our review:[4]

> 1. Whether the PCRA court committed reversible error when [it] adopted PCRA counsel's erroneous "lesser included offense" theory to justify the conviction to a crime that was mistakenly added to the Information in violation of Art. I § 10 of the Pennsylvania Constitution, for, to now adopt such a theory conflicts with the facts of record, statutory law, Art. V § 10 of the Pennsylvania Constitution, the separation of powers doctrine and [L.A.H.'s] due process rights, which has resulted in an illegal sentence that must be vacated[?]

---

[2] L.A.H.'s original direct appeal was dismissed by this Court as untimely filed. L.A.H. subsequently filed a PCRA petition, seeking reinstatement of his appellate rights, which the PCRA court granted on April 28, 2016. L.A.H. filed a timely notice of appeal, *nunc pro tunc*, on May 3, 2016.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[4] The PCRA court did not order L.A.H. to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

2. Whether the PCRA court committed reversible error when she excessively sentenced [L.A.H.] to 20-40 years [in prison], on her politically motivated "standard range" blanket policy sentencing for third-degree murder, that involved factors already considered by the General Assembly who formulated the sentencing guidelines, and failed to consider legislative intent nor the factors of 42 Pa.C.S.A. § 9721?

Brief of Appellant, at 4.

Our scope and standard of review of the denial of PCRA relief is well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Reyes–Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

In order to be eligible for relief under the PCRA, a petitioner must, *inter alia*, plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one of several enumerated events. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii).[5]

_____

[5] Specifically, a PCRA petitioner must prove that the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-

Here, two issues raised by L.A.H. are not cognizable under the PCRA. In his first claim, L.A.H. asserts that the trial court improperly convicted him of conspiracy to commit aggravated assault, where that charge was not included in the criminal information filed against him. L.A.H. does not, either in his PCRA petition or his appellate brief, assert a statutory basis pursuant to which this claim would render him eligible for relief under the PCRA, and we can discern none. Accordingly, this claim, couched in terms of trial court error

---

determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

and not ineffectiveness of counsel, is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2).

L.A.H.'s second claim is that his sentence is excessive. As his sentence of 20 to 40 years' incarceration is within the statutory maximum,[6] this claim constitutes a challenge to the discretionary aspects of his sentence, a claim which is also not cognizable under the PCRA.[7] *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (requests for relief with respect to discretionary aspects of sentence not cognizable in PCRA proceedings).

In light of the foregoing, the PCRA court properly dismissed L.A.H.'s petition.[8]

Order affirmed.[9]

---

[6] *See* 18 Pa.C.S.A. § 1102(d) ("[A] person who has been convicted of murder of the third degree . . . shall be sentenced to a term which shall be fixed by the court at not more than 40 years.").

[7] A claim regarding the discretionary aspects of a sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA. *Commonwealth v. Watson*, 835 A.2d 786, 801 (Pa. Super. 2003). However, L.A.H. does not couch his claim in terms of counsel's ineffectiveness.

[8] The PCRA court addressed the substance of L.A.H.'s claims and found them meritless. While we concur with the PCRA court's analyses of the merits of L.A.H.'s claims, L.A.H. was nonetheless ineligible for relief and the court's analysis should have ended there. However, we may affirm the decision of the PCRA court if there is any basis on the record to support the court's action; this is so even if we rely on a different rationale. *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted).

[9] On March 11, 2019, L.A.H. filed an application for relief, requesting that we dispose of his appeal without considering any argument from the

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/19

---

Commonwealth, which requested and received two extensions to file, but ultimately never submitted, a brief.  While we deny this application as moot, we note with disapproval the recent practice of the Philadelphia District Attorney's Office in requesting one or more extensions to file its Appellee's brief in a matter, and then failing to do so.